**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**AMY S.,**

**Plaintiff,**

**v.**

**Civil Action 3:26-cv-00049**
**Judge Thomas M. Rose**
**Magistrate Judge Kimberly A. Jolson**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Amy S., brings this action under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Undersigned **RECOMMENDS** that the Court **OVERRULE** Plaintiff's Statement of Errors (Doc. 11) and **AFFIRM** the Commissioner's decision.

## I. BACKGROUND

On April 13, 2023, Plaintiff filed applications for DIB and SSI alleging disability beginning June 26, 2015, due to fibromyalgia, arthritis, chronic pain syndrome, peripheral neuropathy, degenerative disc disease ("DDD"), temporomandibular disorder ("TMD"), degenerative joint disease ("DJD"), bilateral sciatica, urinary fecal incontinence, hypertensive heart disease, both knee replacements, gastroesophageal reflux disease ("GERD"), peptic ulcers, irritable bowel syndrome ("IBS"), hernia, severe abdomen, fall a lot, collapse, post-traumatic stress disorder ("PTSD"), obsessive-compulsive disorder ("OCD"), major mood disorder, severe anxiety, depression, psoriasis, eczema, chronic pancreatitis, multiple head injuries, severe memory loss, loss of feeling leg, allergies, and sinus. (R. at 256–70, 333). After her applications

were denied initially and on reconsideration, Administrative Law Judge ("ALJ") Gregory Kenyon held a hearing. (R. at 37–73). Ultimately, on March 24, 2025, he found Plaintiff is not disabled. (R. at 7–26). The Appeals Council then denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (R. at 1–6).

Plaintiff filed the instant case seeking a review of the Commissioner's decision on February 16, 2026, (Doc. 1), and the Commissioner filed the administrative record on April 20, 2026. (Doc. 8). The matter has been briefed and is ripe for consideration. (Docs. 11, 12, 13).

**A. The Administrative Record**

In his opinion, the ALJ summarized and evaluated Plaintiff's statements to the agency, hearing testimony, medical records, and symptoms. (R. at 14–17). The ALJ also summarized and evaluated the medical source opinions and prior administrative medical findings. (R. at 17–19). Rather than repeat these summaries, the Undersigned will focus on the evidence pertinent to Plaintiff's assigned error.

**B. The ALJ's Decision**

The ALJ found that Plaintiff has not engaged in substantial gainful activity since June 26, 2025, the alleged onset date. (R. at 13). The ALJ determined that Plaintiff has the following severe impairments: lumbar spine degenerative disc disease; degenerative joint disease of the knees; obesity; fibromyalgia; a history of pulmonary emboli; diabetes mellitus; depression; an anxiety disorder; post-traumatic stress disorder; and a history of polysubstance abuse. (*Id.*). Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.*).

As to Plaintiff's residual functional capacity ("RFC"), the ALJ opined:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: (1) occasional crouching, crawling, kneeling, stooping, and climbing of ramps and stairs; (2) no climbing of ladders, ropes, or scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) no driving of automotive equipment; (5) simple, routine, repetitive tasks; (6) occasional contact with co-workers, supervisors, and the public; (7) no fast paced production work; (8) very little, if any, change in the job duties or the work routine from one day to the next.

(R. at 14).

Upon "careful consideration of the evidence," the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. at 15).

Plaintiff has no past relevant work. (R. at 19). Based on the vocational expert's testimony, the ALJ concluded that Plaintiff could perform light exertional, unskilled jobs that exist in significant numbers in the national economy, such as a mail clerk, collator operator, or housekeeper cleaner. (R. at 19–20). He therefore concluded that Plaintiff has not been under a disability since June 26, 2025. (R. at 27–28).

## II. STANDARD OF REVIEW

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D.

Ohio Sept. 19, 2007) (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

## III. DISCUSSION

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because it does not account for the use of an ambulatory aid. (Doc. 11). More specifically, Plaintiff asserts that the ALJ failed to build an accurate and logical bridge between the evidence of her cane and walker use and his conclusions under Social Security Ruling ("SSR") 96-9p that her cane was not medically necessary. (*Id.* at 5). The Commissioner counters that substantial evidence supports the ALJ's decision. (Doc. 12).

A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1) (2012). A claimant's RFC assessment must be based on all the relevant evidence in her case file. *Id*. Relevant here, an ALJ is not required to incorporate use of a cane into the RFC unless the cane is medically required—in which case the cane is considered a limitation on a claimant's ability to work. *See Carreon v. Massanari*, 51 F. App'x 571, 575 (6th Cir. 2002); *see also Baker v. Comm'r of Soc. Sec.,* No. 2:19-cv-4323, 2020 WL 2213893, at *7 (S.D. Ohio May 7, 2020).

Social Security Ruling 96-9p explains when a cane or other hand-held assistive device is "medically required" and the implications of that medical need for a claimant's RFC:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

SSR 96-9p at *7. It is the claimant's "burden to prove through clinical evidence that a cane is medically required." *Baker*, 2020 WL 2213893, at *7 (quoting *Strain v. Comm'r of Soc. Sec. Admin.*, No. 5:12-cv-1368, 2013 WL 3947160, at *2 (N.D. Ohio Aug. 1, 2013)).

Importantly, "[w]here there is conflicting evidence concerning the need for a cane, it is the ALJ's task and not the Court's, to resolve conflicts in the evidence." *Forester v. Comm'r of Soc. Sec.*, No. 2:16-CV-1156, 2017 WL 4769006, at *4 (S.D. Ohio Oct. 23, 2017); *see, e.g.*, *Bowen v. Comm'r of Soc. Sec.*, No. 17-17, 2018 WL 328964, at *3 (S.D. Ohio Jan. 9, 2018) (internal quotation marks and citation omitted). Even more, simply because a plaintiff may have been "using a cane at various times," does not mean the ALJ is required to include it in a plaintiff's RFC. *See, e.g.*, *Forester*, 2018 WL 4769006 at *4; *Holt v. Astrue*, No. CV 08-02052(RZ), 2008 WL 4965877, at *1 (C.D. Cal. Nov. 19, 2008) (finding that the ALJ's reliance on "the medical consultant's determination that the cane was not medically necessary" constitutes "evidence what a reasonable person would conclude supports the determination").

Here, at Step 4 when determining Plaintiff's RFC, the ALJ found that even though Plaintiff appeared at a consultative examination with a cane, "the evidence does not indicate that a cane or other assistive devise is 'medically required' pursuant to SSR 96-9p." (R. at 16). In explaining his conclusion, the ALJ stated that in March 2024, Plaintiff self-reported using a walker or cane; reported that she had a lot of swelling in her knees; and said she had a hard time finding a knee brace to fit. (*Id.* (citing R. at 1073)). But, the ALJ further discussed that she required only conservative treatment for her knee complaints, such as cortisone injections, and there had not been a material change in her knee condition since the prior ALJ decision in 2021. (*Id.*). He also found that by May 2024, Plaintiff denied pain, aches, swelling, or numbness. (*Id.*). The ALJ expressly addressed that Plaintiff was prescribed a walker following a pulmonary embolism in

May 2024. (R. at 16). The prescription was for a walker with wheels for "route daily" to be used from June 14, 2024 to September 20, 2024. (R. at 1213). Still, the ALJ further explained that many examinations afterward revealed that the reasons for the prescription, like edema or swelling, did not seem ongoing after treatment. (*Id.* (citing 932, 942, 959, 981, 985, 1007)). Elsewhere, the ALJ discussed Dr. Swedberg's opinion from Plaintiff's physical consultative exam that the Plaintiff walked with a steady gait without the using ambulatory aid. (R. at 18 (citing generally R. at 841–50)). Later, the ALJ considered Dr. Sexton's note about Plaintiff's cane use but ultimately found it unpersuasive because the evidence did not indicate that a cane was medically required pursuant to SSR 96-9p. (R. at 18). After considering this evidence, the ALJ ultimately concluded the use of a cane was not medically necessary under SSR 96-9p. (R. at 16, 18).

The above analysis shows that the ALJ adequately addressed Plaintiff's cane and walker use, and he built a logical bridge between the evidence and his findings. Contrary to Plaintiff's contention, the ALJ did not overlook evidence concerning Plaintiff's need for the cane or walker. *Cf. Simmons v. Comm'r of Soc. Sec.*, No. 1:12cv2591, 2013 WL 3873952, at *9 (N.D. Ohio July 25, 2013) ("The ALJ fails to make any reference to Dr. Lee's prescription for a cane."); *Jones v. Comm'r of Soc. Sec.*, No. 1:10-cv-840, 2012 WL 967509, at *5 (W.D. Mich. Feb. 8, 2012) ("Despite acknowledging that plaintiff had been prescribed a cane a few months before the administrative hearing, the ALJ did not include the use of a cane in plaintiff's RFC and provided no explanation for this omission."); *Penn v. Astrue*, No. 2:09-cv-169, 2010 WL 547491, at *6 (S.D. Ohio Feb. 12, 2010) ("The complete absence of any direct consideration of this issue (in fact, the Court is unable to find the word 'cane' anywhere in the administrative decision) leads to the conclusion that this issue was simply overlooked."). Rather, the ALJ not only acknowledged

Plaintiff's cane use and walker prescription, but he explained why the evidence demonstrated neither was medically necessary under SSR 96-9p.

Nonetheless, Plaintiff argues that the ALJ erred because he failed to consider other treatment notes reflecting her self-reports that she used a cane or walker to ambulate. (Doc. 11 at 6 (citing R. at 358, 494, 776, 790, 853, 855, 949, 1045, 1072–73, 1228, 1379, 1627, 1629, 1637, 1645)). Courts have repeatedly held that SSR 96-9p "requires medical documentation of the need for the assistive device, not just notations relating to a claimant's continued use of an assistive device." *Barnes v. Comm'r. of Social Sec.*, 2023 WL 2988346, at *8 (N.D. Ohio Mar. 22, 2023); *Wilson v. Saul*, No. 3:20-CV-00820-JZ, 2021 WL 3516617, at *10 (N.D. Ohio July 9, 2021), *report and recommendation adopted sub nom*, 2021 WL 3510692; *see also Fletcher v. Comm'r. of Soc. Sec.*, 2022 WL 6156951, at *19 (N.D. Ohio Oct. 7, 2022) (holding that letter from doctor did not satisfy requirements of SSR 96-9p where doctor "merely suggested—rather than prescribed—cane use"); *Phillips v. Comm'r of Soc. Sec.*, No. 5:20-CV-01718-CEH, 2021 WL 5603393, at *10 (N.D. Ohio Nov. 30, 2021) ("Although various medical records note that Claimant presented at appointments using a cane, these notations do not meet the requirements of SSR 96-9p."). Here, Plaintiff offers only documentation where a doctor notes Plaintiff's self-admission of her assistive device usage—not to notes of a doctor stating that she medically needs an assistive device. Thus, as the ALJ concluded, Plaintiff's treatment notes do not satisfy the medical documentation requirement of SSR 96-9p.

Along these lines, Plaintiff next points to her provider's note stating, "I would like her to start using a walker as she admits to occasionally falling because of the pain in her legs." (Doc. 11 at 6 (citing R. at 1076)). Courts have routinely found that doctors' opinions based on a plaintiff's self-reports fall short of the medical documentation required under SSR 96-9p. *See,*

*e.g.*, *Tommy I. W. v. Comm'r of Soc. Sec. Admin.*, No. 3:20-cv-521, 2022 WL 1951561, at *3 (S.D. Ohio June 6, 2022); *Clevenger v. Comm'r of Soc. Sec.*, No. 2:19-cv-4512, 2020 WL 2092387, at *9 (S.D. Ohio May 1, 2020) (ALJ's failure to consider whether the plaintiff required an assistive device to ambulate was harmless error where the plaintiff was prescribed a cane only in response to her self-report of difficulty, which "fell short of the medical documentation establishing the need for a hand-held assistive device" under Soc. Sec. R. 96-9p); *Elliott v. Comm'r of Soc. Sec.*, No. 2:19-CV-3445, 2020 WL 746597, at *9 (S. D. Ohio Feb. 14, 2020), *report and recommendation adopted*, No. 2:19-CV-3445, 2020 WL 5797959 (S.D. Ohio Sept. 29, 2020) ("[E]ven if the omission of any cane-related discussion was error, it was harmless error"; doctor's opinion that the plaintiff occasionally required the use of a cane on uneven surfaces was based on the plaintiff's self-report, which fell short of the medical documentation required.). Here, Plaintiff's provider based an opinion on Plaintiff's reporting that she occasionally falls due to pain in her knees. (R. at 1076 ("as she admits to occasionally falling because of the pain in her legs")). As discussed above, the ALJ also described at length the inconsistencies in objective evidence and Plaintiff's statements on the intensity, persistence, and limiting effects of her knee pain, swelling or falling over sensations. (R. at 15–16). Further, her provider states that they "would like" her to start using a walker—not that it is necessary or giving her a prescription for an ambulatory aid. (R. at 1076). Therefore, her provider's opinion does not qualify as "medical documentation" under SSR 96-9p.

Finally, Plaintiff's prescription for a walker to "route daily" is not helpful to her here either. (Doc. 11 at 6 (citing R. at 941, 983, 1213, 1076)). The Sixth Circuit has held that "evidence of a prescription for an assistive device is rarely (if ever) enough to satisfy the Plaintiff's burden to show medical necessity." *Cayenne W. v. Comm'r of Soc. Sec.*, No. 2:23-CV-1282, 2024 WL

1155851 (S.D. Ohio Mar. 18, 2024) (citing *Carreon*, 51 Fed. App'x. at 575) (collecting cases). Here, as the ALJ acknowledged, a doctor prescribed the walker after Plaintiff was hospitalized for a pulmonary embolism, which was treated and resolved. (R. at 16). The Commissioner also correctly highlights that the prescription was for a span of three months rather than the year required by SSR 96-9p. (Doc. 12 at 5 (citing R. at 1213)). What's more, even if the prescription was not temporary, "route daily" fails to meet the requirements of SSR 96-9p to provide specific circumstances for Plaintiff must use an assistive device. *Tommy I. W.*, 2022 WL 1951561 at *3 ("'[R]oute daily' fails to provide an opinion as to the specific circumstances for which Plaintiff must use the cane let alone whether Plaintiff's use is medically required."). Thus, Plaintiff's prescription also does not provide evidence to indicate that her cane or walker was medically necessary.

All this shows the ALJ built a logical bridge between Plaintiff's use of an assistive device and his finding that it was not medically necessary as stated above. *Davis v. Comm'r of Soc. Sec.*, No. 2:19-CV-265, 2019 WL 5853389, at *5 (S.D. Ohio Nov. 8, 2019), *report and recommendation adopted*, No. 2:19-CV-265, 2020 WL 1482318 (S.D. Ohio Mar. 27, 2020). The Undersigned can adequately trace the ALJ's reasoning, and his decision is supported by substantial evidence.

## IV. CONCLUSION

Based on the foregoing, the Undersigned **RECOMMENDS** that the Court **AFFIRM** the Commissioner's decision denying benefits.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting

authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a forfeiture of the right to have the district judge review the Report and Recommendation *de novo* and in a forfeiture of the right to appeal the decision of the District Court adopting the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: September 24, 2026

*s/ Kimberly A. Jolson*
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE