**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| AMY S., | : | |
| | : | |
| Plaintiff, | : | Case No. 3:26-cv-49 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATION (DOC. NO. 14)**

---

This appeal of Defendant Commissioner's supplemental security income decision is currently before the Court on Magistrate Judge Kimberly A. Jolson's Report and Recommendation (the "Report") (Doc. No. 14), recommending dismissal of this action. As explained in the Report, Plaintiff Amy S. ("Plaintiff") applied to the Social Security Administration for Disability Insurance Benefits and Supplemental Security Income in April of 2023, alleging disability as a result of fibromyalgia, arthritis, chronic pain syndrome, peripheral neuropathy, degenerative disc disease, temporomandibular disorder, degenerative joint disease, bilateral sciatica, urinary fecal incontinence, hypertensive heart disease, both knee replacements, gastroesophageal reflux disease, peptic ulcers, irritable bowel syndrome, hernia, severe abdomen, falling issues, post-traumatic stress disorder, obsessive-compulsive disorder, major mood disorder, severe anxiety, depression, psoriasis, eczema, chronic pancreatitis, multiple head injuries, severe memory loss, loss of feeling in leg, allergies, and sinus issues. (*Id.* at PageID 1785.)

After Plaintiff's applications were denied initially and upon reconsideration,

Administrative Law Judge Gregory Kenyon ("ALJ Kenyon") granted Plaintiff a hearing. (*Id*. at PageID 1786) Following the hearing, ALJ Kenyon issued an order denying Plaintiff's application on March 24, 2025. (*Id*.) Thereafter, the Appeal's Council denied Plaintiff's petition for review. (*Id*.) After a review of the record, Magistrate Judge Jolson opined that ALJ Kenyon's findings were supported by substantial evidence and recommended that Plaintiff's Statement of Errors be overruled and that the Commissioner's non-disability finding be affirmed. (*Id*. at PageID 1785.) Magistrate Judge Jolson issued her Report on September 24, 2026. (*See generally id*.) Plaintiff filed her Objections to the Report (the "Objections") on October 1, 2026 (Doc. No. 15), and the Commissioner filed his Response to Plaintiff's Objections (the "Response") on that same day (Doc. No. 16). Consequently, the instant matter is ripe for review and decision.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a *de novo* review of the record in this case. Having conducted said review, the Court finds that Plaintiff's Objections are not well taken. From what the Court can gather, Plaintiff's Objections are largely reiterative of the scruples she raised in her Statement of Errors. (*See* Doc. No. 15 at PageID 1796.) Thus, as a preliminary matter, the Court notes that "objections to an R&R must address errors in the Magistrate Judge's R&R, not just the underlying ALJ's decision." *Micah B. v. Comm'r of Soc. Sec. Admin.*, No. 3:25-CV-78, 2026 WL 575102, at *2 (S.D. Ohio Mar. 2, 2026) (citation and quotation marks omitted). However, out of an abundance of caution, the Court nevertheless addresses the issues raised in Plaintiff's Objections.

Most notably, Plaintiff objects to ALJ Kenyon's methods regarding—and Magistrate Judge Jolson's affirmance of—the RFC finding. (Doc. No. 15 at PageID 1796.) More specifically, it is Plaintiff's position that ALJ Kenyon gave insufficient weight to Plaintiff's cane use in his RFC finding: "[Plaintiff's] need for an assistive device is documented in the medical record, not merely

her subjective reports of the need for a cane." (*Id.*) As thoroughly delineated in the Report, "at Step 4 when determining Plaintiff's RFC, [ALJ Kenyon] found that even though Plaintiff appeared at a consultative examination with a cane, 'the evidence does not indicate that a cane or other assistive device is medically required pursuant to SSR 96-9p.'" (Doc. No. 14 at PageID 1789 (quoting Doc. No. 8 at PageID 40).) However, "simply because a plaintiff may have been using a cane at various times, does not mean the ALJ is required to include it in a plaintiff's RFC[,]" and perhaps most importantly, "where there is conflicting evidence concerning the need for a cane, it is the ALJ's task and not the Court's, to resolve conflicts in the evidence." (*Id.* (citations and quotation marks omitted).) Said differently, "[i]t is for the ALJ to weigh the evidence, and this Court may not re-weigh it upon judicial review." *Johnson v. Soc. Sec. Admin.*, No. 2:12-0099, 2015 WL 3505109, at *10 (M.D. Tenn. June 3, 2015), *R. & R. adopted sub nom. Johnson v. Colvin*, 2015 WL 3952322 (M.D. Tenn. June 29, 2015).

Here, ALJ Kenyon exercised his well-settled authority in giving Plaintiff's cane use the weight he deemed appropriate. And Magistrate Judge Jolson properly declined to re-weigh the evidence on review. Unfortunately, Plaintiff's citation to the Google AI definition of "route daily" does not change the fact that it is not the duty of this Court to step into ALJ Kenyon's shoes and re-weigh the evidence in his stead.

Accordingly, the Court hereby **ADOPTS** the Report and Recommendation (Doc. No. 14) in full and **AFFIRMS** the Commissioner's decision denying benefits. The Clerk is directed to **TERMINATE** this matter on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, November 3, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE